C. C. GALLOWAY v. STATE OF NEBRASKA.

FILED FEBRUARY 21, 1935. No. 29160.

*Thomas & Thomas*, for plaintiff in error.

*Paul F. Good, Attorney General,* and *Paul P. Chaney, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and YEAGER, District Judge.

YEAGER, District Judge.

The above entitled action is one which was instituted by the county attorney of Douglas county, Nebraska, charging the plaintiff in error, C. C. Galloway, who will be hereinafter referred to as the defendant, with libel. The defendant was convicted and sentenced to serve a term of three months in the county jail of that county. From the conviction the defendant prosecutes error to this court.

In his brief the defendant sets forth five separate assignments of error. In his first assignment defendant claims that the information does not charge a crime. An examination of the information discloses that it, to a certain point, in appropriate language charges the crime of libel. The appropriate language is followed by the following language: "And had a general circulation in Douglas county, Nebraska." The evidence does not indicate a circulation outside Douglas county. The first point made by defendant is that the information sought to charge a felony, whereas by the terms of the language above quoted it did not charge a felony and was therefore defective; and, further, that it was not a charge of a misdemeanor. The point of determination between a libel which is a misdemeanor and one which is a felony is the question of general circulation or no general circulation. This court

·has held that a newspaper circulated in a single county is not a newspaper of a general circulation. *Koen v. State,* 35 Neb. 676. Of necessity it follows that the information does not charge a felony, because it specifically limits its circulation to Douglas county. Does, then, the word "general" in the quoted language destroy it as a misdemeanor charge? We think not. The language is certain and specific to the degree that there can be no mistake as to the limit of the circulation of the Omaha Guide. The full and complete text of an information must be considered and taken in its ordinary sense to determine what, if any, crime has been charged. We must therefore conclude that the information charges a misdemeanor.

A determination of the first assignment of error disposes in part of the second and third assignments. The second and third assignments deal, in part, with the failure of the court to explain and differentiate between criminal libel which is felonious and that which is not. Since the information charges only a misdemeanor, and since the instructions were so predicated, it follows that there is no merit in this contention.

In defendant's third assignment of error, he urges that the court erred in refusing to give instruction No. 3 requested by the defendant. From an examination of the information, the bill of exceptions and the instructions given by the court, it is unnecessary to examine into the merits of this contention. The information alleges that the defendant is the proprietor and editor of the Omaha Guide. Instruction No. 5 informs the jury that they must so find before they will be permitted to return a verdict of guilty. The evidence conclusively shows that the defendant was neither the proprietor nor editor of the Omaha Guide. The nearest approach is that he was acting editor when the editor was absent. There is no direct evidence that he knew about the article in question. The only direct evidence is that he knew nothing about the article in question. The only direct evidence is that he knew nothing about the publication until the paper was in cir-

culation.  We are constrained to conclude that the evidence of the state does not respond to the material allegations of the information and the judgment should therefore be reversed, and since there is no indication that any new evidence could be secured, we feel that the conviction should be reversed and the case dismissed.

REVERSED AND DISMISSED.